IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAVIER BUENDIA, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:25-cv-00688-DGK |
| KC STREETCAR CONSTRUCTORS, et al., | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Now before the Court is the parties' Joint Motion for Protective Order. ECF No. 39. The parties agree that discovery in this matter will require the exchange of confidential, proprietary, commercial, financial, personnel, and other sensitive information. This includes sensitive personnel information ranging from personal information pertaining to current and former employees to disciplinary records. Further, discovery may implicate non-public business or financial information of the parties. Public disclosure of these materials could—and likely would—harm the privacy interests of parties and nonparties alike. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information will protect parties and nonparties from annoyance, embarrassment, and/or injury to their personal, financial, business, or professional reputations and well-being. The parties assert that the need for protection is particularly acute in this case, considering the number of current and former individual employees involved in this dispute and the sensitive nature of the discovery the parties must exchange.

For good cause shown under Fed. R. Civ. P. 26(c), the Court GRANTS the parties' Joint Motion for Protective Order and hereby enters the following Protective Order:

**1. Scope.**

All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2. Definition of Confidential Information.**

As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.

For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

    **(a)** Personnel files, employment records, and employee evaluations;

    **(b)** Medical records, disability-related information, and other health information protected under HIPAA or the ADA;

    **(c)** Pay and payroll records, compensation information, and salary histories;

    **(d)** Social Security numbers, dates of birth, and other personal identifying information;

    **(e)** Internal communications and documents relating to employment decisions, disciplinary actions, or workplace investigations;

**(f)** Administrative complaints (such as EEO complaints), internal discrimination complaints, and related investigative materials;

**(g)** Union grievance files and internal union communications regarding individual employees;

**(h)** Confidential settlement communications and agreements;

**(i)** Trade secrets, proprietary business information, and confidential commercial materials and information;

**(j)** Any documents containing sensitive personal information of non-parties or third-party employees not directly involved in this litigation.

Information or documents that are available to the public may not be designated as Confidential Information.

**3. Form and Timing of Designation.**

The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential,

the designating attorney or party appearing pro se thereby certifies that the document contains Confidential Information as defined in this Order.

**4. Inadvertent Failure to Designate.**

Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of any otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after the producing party's discovery of the inadvertent failure.

**5. Depositions.**

Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 14 days of receiving the transcript of such a deposition. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. In the event a deposition or portion thereof is designated as confidential, the court reporter shall so designate on the face of the transcript that all or portions of the transcript have been designated as confidential pursuant to the terms of this Order. Such confidential transcripts of deposition testimony shall be treated the same and afforded the same protections as other confidential materials under this Order.

**6. Protection of Confidential Information.**

    **(a) General Protections.** Designated Confidential Information must be used or disclosed solely for the purposes of prosecuting or defending this lawsuit, including any appeals.

    **(b) Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

        **(1)** The parties to this litigation, including any employees, agents, vendors, and representatives of the parties;

**(2)** Counsel for the parties and employees and agents of counsel;

**(3)** The insurance carriers investigating and/or defending the claims asserted against any party to this action;

**(4)** The Court and Court personnel, including any special master appointed by the Court, and members of the jury;

**(5)** Court reporters, recorders, and videographers engaged for depositions;

**(6)** Any mediator appointed by the Court or jointly selected by the parties;

**(7)** Any witness and/or expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

(8) The author or original recipient of the document; and

(9) Any other person upon the consent of the producing party.

**(c) Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

**7.     Filing of Confidential Information.**

If a party seeks to file any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting party

permitted to file the requested documents under seal, only counsel of record and unrepresented parties with privileges will have access to the sealed documents. *Pro Hac Vice* attorneys must obtain sealed documents from local counsel.

**8.     Discovery Disputes; Challenges to a Confidential Designation.**

In the event of a discovery dispute, no party may file a discovery motion before attempting to first meet and confer with the other party. This rule also applies to any dispute on an objection to a confidential designation under the terms of this Protective Order. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**9.     Use of Confidential Documents or Information at Trial or Hearing.**

Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. The party maintaining the confidentiality of the documents must first raise the issue with the designating party. After conferral, the Parties must—at least 5 days before the hearing or trial—work together to seek the Court's guidance on how to proceed. If a hearing is scheduled in a way that does not reasonably allow the Parties to comply with this schedule, the Parties agree to confer and seek Court intervention as soon as reasonably possible in advance of the hearing. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10.    Obligations on Conclusion of Litigation.**

   **(a)    Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)** **Return of Confidential Documents.** As limited by the Federal Rules of Civil Procedure, within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information. The attorney may not use, rely upon, enter, disclose, or otherwise present any of the Confidential Information contained in that work product in any way to anyone who is not bound by the Order.

Notwithstanding the above requirements to return or destroy documents, nothing in this Order shall be construed to prohibit, restrict, or require an insurer to obtain an authorization for the retention, use, or disclosure of nonpublic Confidential Information and records as authorized or as reasonably required by: the insurer's Information Retention Schedules; federal or state law or regulation; court order; rule, including, but not limited to, Medicare authorities; reporting to a third-party such as to LexisNexis C.L.U.E. (Comprehensive Loss Underwriting Exchange) for

7

Case 4:25-cv-00688-DGK    Document 41    Filed 10/29/25    Page 7 of 11

Auto & Property Reports or to ISO (Insurance Services Office) for analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark); in reporting for rate-making or otherwise; and in paperless Claim File through its Electronic Claims Systems for permissible insurance functions. Nothing in this order shall prevent an insurer from retaining all documents necessary for regulatory compliance activities, nor from producing any documents necessary for regulatory compliance.

**11.     Order Subject to Modification.**

This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12.     Enforcement of Protective Order.**

Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

**13.     No Prior Judicial Determination.**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection or otherwise until such time as the Court may rule on a specific document or issue.

**14.     Persons Bound by Protective Order.**

This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15. Applicability to Parties Later Joined.**

If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**16. Protections Extended to Third-Party's Confidential Information.**

The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**17. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the

party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**18.    Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**

Whether inadvertent or otherwise, pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b), the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party.  Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 14 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  Although the provisions of this section constitute an order and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated:  __October 29, 2025__          /s/ Greg Kays_____
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT

# ATTACHMENT A

I, _____, being of lawful age and capacity, hereby certify that I have read the Protective Order ("Order") in the above-captioned case and I agree to abide by its terms. I agree that, except for this litigation, I will not make any use of Confidential Information, nor will I provide such information to any third parties. I consent to the personal jurisdiction of this Court and the state courts from the location of the business from which the Confidential Information was produced for purposes of enforcement or other matters related to the Order. In witness whereof, the undersigned has executed this acknowledgement and agreement this \_\_\_\_\_ day of _____, 2025.


BY: _____