IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BUENDIA, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:25-cv-00688-DGK |
| ) | |
| KC STREETCAR CONSTRUCTORS, et al, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING PLAINTIFF LEAVE TO AMEND

Now before the Court is Plaintiffs' Motion for Leave to File a First Amended Complaint. ECF No. 45. This case was originally filed in the Circuit Court of Jackson County, Missouri, and was then removed to this Court by Defendants Heavy Construction Laborers Local No. 663 and International Union of Operating Engineers Local No. 101 with the consent of the other Defendants. ECF No. 1. The allegations against these two unions raised the questions of federal law that provided the basis for removal. The Court dismissed the two unions (ECF No. 46) pursuant to Plaintiffs' Notice of Voluntary Dismissal (ECF No. 43). Plaintiffs seek to amend their complaint to reflect this dismissal and clarify their allegations against the remaining Defendants. ECF No. 45 at ¶ 6. Defendants oppose the motion. ECF No. 50 at 2. Plaintiffs have also filed a motion to remand (ECF No. 44), which Defendants do not oppose (ECF No. 50 at 2).

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court may deny leave to amend only when there is "undue delay, bad faith or dilatory motive" by the movant, "undue prejudice to the opposing party," or "futility." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000).

1

Defendants argue the Court should remand and find Plaintiffs' motion for leave to amend as moot, because, now that the only basis for federal jurisdiction is gone, this Court lacks jurisdiction to "to make any substantive rulings."  ECF No. 50 at 2 (quoting *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 624 (8th Cir. 1997)).  But "jurisdiction follows from (and only from) the operative pleading," *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025), which, in this case, is Plaintiffs' original complaint, which contains the basis for removal and hence this Court's jurisdiction.

The Court finds, therefore, no basis for denying the amendment.  Accordingly, Plaintiffs' motion for leave to file a First Amended Complaint is GRANTED.

**IT IS SO ORDERED.**

Date:   January 15 , 2026             /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT